**PRICE LAW GROUP, APC**
Stuart M. Price (SBN: 150439 )
stuart@pricelawgroup.com
15760 Ventura Blvd., Suite 800
Encino, CA 91436
T: (818) 516-1154
Attorneys for Plaintiff, JANET VELASQUEZ

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANET VELASQUEZ,<br><br>             Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>             Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692,  et. seq.**<br>2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT. CAL. CIV.CODE § 1788**<br>3. **THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.25**<br><br>**(Unlawful Credit Reporting Practices)** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff,  Janet Velasquez formerly known as Janet Corona ("Plaintiff"), through her attorneys, alleges the following against Defendant, Nationstar Mortgage LLC, ("Defendant").

## INTRODUCTION

1. Plaintiff brings this action against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts, as well as for illegal invasions of Plaintiff's privacy; Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts; and the California Consumer Credit Reporting Agencies Act, CAL. CIV.CODE § 1785 *et seq.* ("CCCRA").

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d). The Court has jurisdiction over the state law claims pursuant to 15 U.S.C. § 1367

3. Defendant conducts business in the State of California, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

COMPLAINT AND DEMAND FOR JURY TRIAL
-2-

## PARTIES

5. Plaintiff is a natural person residing in the Long Beach, Los Angeles County, California.

6. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "debtor" as defined by the FDCPA, 15 U.S.C. §1692a and a consumer as defined by Cal. Civ. Code § 1785.3(b).

7. Defendant, Nationstar Mortgage LLC ("Nationstar") is a Texas Corporation, who regularly transacts business within the state of California. Nationstar may be served at 2710 Gateway Oak Dr. Ste 150n, Sacramento, CA 95833.

8. Nationstar is an entity which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).

9. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection. Thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

11. One of the principal purposes of Defendant's business is the collection of debts allegedly owed to third parties.

12. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

13. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors: bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

16. Plaintiff will seek leave to amend this Complaint to add Defendants as soon as it reasonably learns of them.

## **FACTUAL ALLEGATIONS**

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

18. Plaintiff's alleged debt is money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by the FDCPA 15 U.S.C. 1692a.

19. On or about March 18, 2011, Plaintiff filed Chapter 13 bankruptcy (case number: 2:11-BK-21701-ER).

20. At the time of filing for bankruptcy Plaintiff was behind on her mortgage payments for her residence located at 3174 N. Park Ln., Long Beach, CA 90807.

21. In March 2011, Plaintiff's mortgage was held by Aurora Loan Services LLC "Aurora".

22. On or about August 2012, Aurora executed an agreement to transfer the loan to Nationstar Mortgage LLC.  Plaintiff's loan number with Nationstar ended in XXXX-XX-8027.

23. At the time of transfer from Aurora to Nationstar, Plaintiff's loan was in arrears.

24. On or about July 10, 2015, Plaintiff paid all arrears and a notice of final cure payment was executed in United States Bankruptcy Court Central District of California, Los Angeles Division.

25. On or about February 11, 2016, Plaintiff received a letter from Defendant Nationstar asserting that Plaintiff had defaulted on her loan and that Plaintiff "must pay the full amount of the default on" said loan.

26. The February 11, 2016 letter further stated that "[a]s of 2/11/16 the amount of the debt owed is $3,512.98, which includes the sum of payments that have come due after the date of default 01/01/2016."

27. The assertions of Nationstar were incorrect as Plaintiff had made a timely mortgage payment on January 9, 2016.

28. Plaintiff contacted Nationstar and later sent proof of payment in hopes of resolving the matter.

29. Nationstar referred Ms. Velasquez's account to the investigation department and the investigation department made a finding that Plaintiff was not delinquent.

30. On or about March 10, 2016, Plaintiff received a letter from Nationstar asserting that her account had unapplied funds in suspense for an extended period of time, and that the balance was insufficient to be applied as a payment.

31. Nationstar cashed the check sent by Plaintiff for the mortgage payment, but then reissued a check in the amount of $2,316.29 to Plaintiff. With the check for $2,316.29, Nationstar sent a letter stating the amount required to bring the account current was $5,829.27.

32. The assertion by Defendant that Plaintiff was in default was incorrect because Plaintiff had made complete mortgage payments in January and February 2016.

33. The transaction history from Nationstar documented the $2,890.56 payments processed in January and February 2016.

34. Plaintiff again contacted Nationstar and disputed the allegation that the payments were in default.

35. Nationstar sent Plaintiff a correspondence stating that Nationstar had submitted an update to the credit reporting agencies and they were instructed to adjust their records and additionally report the February 2016 payment as current. In this correspondence, Nationstar stated that the next payment due was for March 1, 2016 in the amount of $2,890.56.

36. At all relevant times, Plaintiff was current with her mortgage payments to Nationstar.

37. Nationstars conduct caused Plaintiff emotional distress; when Plaintiff received a correspondence from Nationstar she panicked believing that she would lose her home.

38. Plaintiff attempted to resolve this matter several times with Defendant and personally went to a local branch; however, Plaintiff's attempts were unresolved at all relevant times.

## CAUSE OF ACTION
## COUNT I
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTES ACT**

39. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

40. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    i. Defendant violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

    ii. Defendant violated 15 USC 1692e(2)(A), by falsely representing the character, amount or legal status of any debt;

    iii. Defendant violated 15 USC 1692e(10), by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

    iv. Defendant violated 15 USC 1692f(1), by using unfair or unconscionable means to collect or attempt to collect any debt. Specifically, the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

41. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

42. Defendant's actions caused Plaintiff great amounts of distress.

43. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## CAUSE OF ACTION

## COUNT II

### (Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)

44. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

45. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   a) Defendant violated Cal. Civ. Code § 1788.13(e) by making false representations that the consumer debt may be increased by the addition of service fees, finance changes, or other charged if when those fees and charges may not legally be added to the obligation; and

   b) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

     i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

     ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

46. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

47. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

## CAUSE OF ACTION
## COUNT III

**DEFENDNAT NATIONSTAR MORTGAGE LLC VIOLATED THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, (CCCRA), CAL. CIV. CODE § 1785.25 *et seq.***

48. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

49. California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

50. Defendant Nationstar negligently and willfully furnished information to the credit reporting agencies it knew, or should have known was inaccurate.

51. Based on the violations of Cal. Civ. Code § 1785.25(a), Plaintiff is entitled to the remedies afforded by Cal. Civ. Code § 1785.31, including actual damages, attorney's fees, pain and suffering, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual Damages;

(b) Statutory Damages;

(c) Punitive Damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(3) and Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c)

(f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

(g) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Janet Velasquez, demands trial by jury in this action.

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP, APC**

Dated: July 11, 2016    By:    */s/Stuart M. Price*
Stuart M. Price, Esq.
15760 Ventura Blvd., Suite 800
Encino, CA 91436
Tel: (818) 516-1154
stuart@pricelawgroup.com
Attorney for Plaintiff,
Janet Velasquez